UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA GILL, | ) | CASE NO. 2:15-cv-00984 |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Robert C. Mitchell |
| | ) | |
| v. | ) | |
| | ) | |
| BEST BUY CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Now comes Defendant Best Buy Stores, L.P., misnamed in the Complaint as Best Buy Co., Inc. ("Best Buy"), by and through its undersigned counsel, and for its Answer to the Complaint ("Complaint") of Plaintiff Joshua Gill ("Plaintiff") states as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits it regularly conducts

business in the Western District of Pennsylvania, that venue is proper in the Western District of Pennsylvania, and that, upon information and belief, Plaintiff resides in the Western District of Pennsylvania, but denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5, including subparts a. through c., of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, including subparts a. through c., and, therefore, denies the same.

## PARTIES

6. Upon information and belief, Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

## FACTUAL ALLEGATIONS

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff was offered a seasonal position to work in the warehouse area of Defendant's Stone Quarry Store, but deny any remaining allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The document referred to by Plaintiff speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23, including subparts a) through aaaa), of the Complaint.

24. Defendant admits that Plaintiff resigned, but states that the document referred to by Plaintiff speaks for itself and, therefore, Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

**CAUSES OF ACTION**
**COUNT I – DISPARATE TREATMENT**

26. Defendant incorporates and reasserts its answers to the allegations contained in paragraphs 1 to 25 as if fully rewritten.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

## COUNT II - HARASSMENT

35. Defendant incorporates and reasserts its answers to the allegations contained in paragraphs 1 to 35 as if fully rewritten.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

## COUNT III – RETALIATION

43. Defendant incorporates and reasserts its answers to the allegations contained in paragraphs 1 to 42 as if fully rewritten.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

### COUNT IV[1] – PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

52. Defendant incorporates and reasserts its answers to the allegations contained in paragraphs 1 to 51 as if fully rewritten.

53. Paragraph 53 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Paragraph 54 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies each and every allegation not specifically admitted herein to be true.

58. Defendant denies the allegations contained in the WHEREFORE paragraphs, including subparts A. through G., in the Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant did not breach any legal duty to Plaintiff.

---

[1] Plaintiff's Complaint identifies the alleged PHRA claim as "COUNT III" in the Complaint, but it is the fourth listed Count in the Complaint.

3.  Plaintiff has not sustained any damages proximately or actually caused by Defendant.

4.  Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

5.  Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord, satisfaction, and/or unclean hands.

6.  Plaintiff has failed to exhaust his administrative remedies with respect to some or all of his claims.

7.  At all relevant times, Plaintiff was an at-will employee who could be separated from employment at any time for any reason not unlawful.

8.  Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendants: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

9.  Plaintiff's claim for punitive damages is barred because Defendants' good faith efforts to prevent discrimination and to comply with the applicable state and federal laws.

10. Plaintiff's claim for punitive damages is barred and any award of such damages would violate Defendants' rights under the federal and state constitutions.

11. Punitive damages are unconstitutional in that they are in violation of the due process clause of the United States Constitution.

12. Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his alleged injuries.

13. All of Defendants' actions toward Plaintiff were taken in good faith and for legitimate, non-discriminatory reasons.

14. At all times relevant to this action, Defendants took reasonable steps to prevent and remedy discrimination, harassment, and retaliation.

15. Defendant exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any opportunities provided by Defendant to prevent or correct discriminatory or retaliatory behavior.

16. Plaintiffs' claims and/or remedies are barred, in whole or in part, by the after-acquired evidence doctrine.

17. Some or all of the damages that Plaintiff seeks are not recoverable by law.

18. To the extent Plaintiff has suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendants.

19. Plaintiff has not and is not suffering from emotional distress.

20. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment and all actions toward Plaintiff were taken in good faith and for legitimate non-discriminatory reasons.

21. Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that judgment be entered in Defendant's favor, and that Defendant recover its expenses, including reasonable attorneys' fees, and such other and further relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

DATED:  October 6, 2015                    Respectfully submitted,

                                                                           VORYS, SATER, SEYMOUR AND PEASE LLP

/s/ Melissa McCoy Gormly
Melissa McCoy Gormly (Pa. I.D. 93663)
500 Grant Street, Suite 4900
Pittsburgh, Pennsylvania 15219-2502
(412) 904-7702
(412) 904-7802 – facsimile
mmgormly@vorys.com

*Of Counsel:*
David A. Campbell (OH. #0066494)*
Gregory C. Scheiderer (OH. #0087103)*
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060– facsimile
dacampbell@vorys.com
gcscheiderer@vorys.com

*Attorneys for Defendant*
*\*Motion for Admission Pro Hac Vice to be Submitted*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed electronically through the Court's CM/ECF System this 6th day of October, 2015.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.

    John Newborg
    225 Ross Street, 4th Floor
    Pittsburgh, PA 15219
    Ph: 412-281-1106
    Email: newborglaw@gmail.com

    *Attorney for Plaintiff Joshua Gill*


                              /s/ Melissa McCoy Gormly
                              Melissa McCoy Gormly (Pa. I.D. 93663)